UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON BATES,

               Plaintiff,                               Case Number 17-13148

v.                                           Honorable David M. Lawson

PEOPLE OF THE STATE OF
MICHIGAN, COUNTY OF GENESEE,
CITY OF FLINT, and DEPARTMENT
OF CORRECTIONS,

               Defendants.
_____/

## ORDER SUMMARILY DISMISSING THE COMPLAINT

On September 25, 2017, plaintiff Devon Bates, who presently resides in the State of

Michigan's Gus Harrison Correctional Facility in Adrian, Michigan, filed his *pro se* complaint

alleging violations of his rights under various federal constitutional amendments via 42 U.S.C. §

1983. On September 27, 2017, the Court granted the plaintiff's application to proceed *in forma*

*pauperis*. The Court has screened the complaint pursuant to its duty under 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1) and now finds that it must be dismissed because it is frivolous and

fails to state any plausible claim upon which relief may be granted.

The plaintiff was charged in the 68th District Court in Flint, Michigan with first-degree

murder and armed robbery. In his complaint, Bates alleges that his rights were violated during the

criminal proceedings because (1) the arrest warrant and felony complaint were not supported by

probable cause or by an oath or affidavit; (2) he never was arraigned on the warrant in the 68th

District Court or on the information in the Genesee County Circuit Court; (3) the felony information

was invalid because it was not signed by the Genesee County Prosecutor; (4) the information did

not give him adequate notice of the charges that were filed against him; (5) his right to a speedy trial

was violated by the 10-month delay in bringing him to trial; (6) he was denied the effective assistance of counsel at trial; (7) the evidence at trial at most supported a verdict of manslaughter, not first-degree murder; (8) he did not have an impartial jury; and (9) his appellate counsel failed to raise meritorious claims on his appeal of right. Finally, he claims that the Department of Corrections continues to hold him in prison in violation of the federal constitution, and he prays for monetary damages and immediate release from custody or a new trial.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("'The Prison Litigation Reform Act [] requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief from a defendant immune from such relief.'") (quoting *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010)).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed.  Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).  "The leniency granted to *pro se* [litigants] . . . is not boundless."  *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004).  The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted."  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed.  *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law."  *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).  The plaintiff must establish the liability of each individual defendant by that person's own conduct.  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The gravamen of the plaintiff's complaint plainly is an attack on the lawfulness of his criminal convictions and sentences resulting from the state court criminal proceeding, and it must be dismissed because (1) as to the demand for an order directing the defendants to release the plaintiff from custody, it seeks relief that may not be obtained via 42 U.S.C. § 1983; and (2) as to the demand for money damages arising from the allegedly unlawful prosecution and incarceration, the complaint fails to state any plausible claim for relief.

*First*, as to the plaintiff's demand for an order directing the defendants immediately to release him from custody, section 1983 is not a proper vehicle for obtaining that relief; a petition for a writ of habeas corpus properly filed under the authority 28 U.S.C. § 2254 or § 2241 offers the sole avenue for seeking release from allegedly unlawful detention by state officials. "Generally a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wershe*, 763 F.3d at 504 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) (quotation marks omitted). "Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983." *Ibid.* (quoting *Preiser*, 411 U.S. at 500); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004))).

*Second*, as to the demand for money damages premised on an allegedly unlawful prosecution, conviction, and present detention, the complaint does not allege that the conviction at issue has been set aside or invalidated by any state or federal authority. In order to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff seeking relief via

42 U.S.C. § 1983 must show that the conviction or sentence was reversed on direct appeal, expunged by an executive order, invalidated by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see also Alkire v. Irving*, 330 F.3d 802, 816, n.10 (6th Cir. 2003). Because the plaintiff does not allege that his conviction was overturned, expunged, or called into question by a writ of habeas corpus, his claims premised on the purportedly illegal prosecution, conviction, and incarceration do not present any plausible claim on which relief may be granted. *Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

The complaint fails to state any plausible claim for relief under 42 U.S.C. § 1983, and it therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motion for service of the summons and complaint [4] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 1, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 1, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI